IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ACCIDENT LLC<br><br><br>Defendant. | Case No. 1:26-cv-2049<br><br><br>**JURY TRIAL DEMANDED**<br>**CLASS ACTION** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Jay Connor ("Plaintiff"), by his undersigned counsel, for this class action complaint against Accident LLC ("Defendant") alleges as follows:

### INTRODUCTION

1. Nature of Action: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the

national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*….This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. Seq*.

5. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as the Plaintiff's was prior to receiving the call.

6. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant, Plaintiff alleges that the Defendant placed multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

## PARTIES

7. Plaintiff Jay Connor is an individual who resides in Charleston, South Carolina.

8. Defendant Accident LLC d/b/a accident.com is a limited liability company based in New York that specializes in attorney marketing calls.

9. The Defendant reports their main address as 527 Madison Ave, 7th Floor, New York, NY 10022.

.

## JURISDICTION AND VENUE

10. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the SCTPPA relates to the same telemarketing campaign as the TCPA claim.

11. Personal Jurisdiction: The Court has personal jurisdiction over Defendant Accident LLC resides here and the calls at issue were made from this District.

12. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim-namely, the calls to Plaintiff occurred from this District.

## FACTS

A. **The National Do Not Call Registry**

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2)

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

B. **The SCTPPA**

16. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq.*

17. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

18. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-40.

19. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80. The SCTPPA also provides for an award of attorneys' fees and costs. *Id.*

C. **Unsolicited Telemarketing to Plaintiff**

20. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's residential telephone number is (843)-718-XXXX.

22. 843 is a South Carolina area code.

23. Plaintiff placed the number on the National Do Not Call Registry in 2021.

24. The number is a residential telephone line because it is assigned to a wireless, cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

25. The number is in the Plaintiff's name and he pays the bill.

26. The Plaintiff uses the number for personal, residential, and household reasons.

27. The Plaintiff does not use the number for business reasons and the number is not registered in the name of a business.

28. Despite this, Plaintiff received at least nine calls from the Defendant as part of a telemarketing campaign from August 2025 through October 2025.

29. All of the calls transmitted a Caller ID that began with (843) XXX-XXXX except one, which originated from (216) XXX-XXXX.

30. The calls were unwanted.

31. In fact, this is not the first time that Accident LLC has been sued for its telemarketing conduct. On the contrary, Accident LLC has been sued in three class actions alleging nearly identical TCPA violations as here.

32. The callers identified themselves as representatives from "Accident Claims Helpline" or "Accident Helpline" a non-existent business.

33. Almost none of the callers provided their last names.

34. Plaintiff suspected the calls were telemarketing spam because his number is on the DNC Registry, he had not been in a car accident and "Accident Claims Helpline" is not a company that he had heard of prior to these calls. Plaintiff was unable to identify the calling parties.

35. On August 22, 2025 Plaintiff received a call from "Sara" with "Accident Claims Help Line". Plaintiff hung up on the call. However, the calls continued.

36. On October 27, 2025 Plaintiff received a call from "Jennifer" with "Accident Claims Help Line". To identify the calling party, Plaintiff provided information to identify the caller, was transferred to an intake representative for Accident.com, and ultimately transferred to "Jerson" with Joye Law Firm.

37. Ms. Magaard, an attorney with Joye Law Firm, identified accident.com as one of the companies involved.

38. Six days later, on November 3, 2025, the Plaintiff received yet another call, this time from a prerecorded voice from "Accident Claim Help Line."

39. Plaintiff's privacy has been violated by the above-described telemarketing calls.

40. The calls to the Plaintiff were unwanted.

41. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their storage space, network resources, bandwidth, and battery life, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Accident LLC National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Accident LLC encouraging the purchase of goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Accident LLC South Carolina TPPA Class:** All persons in the United States who have (1) South Carolina telephone numbers, (2) on the National Do Not Call Registry and received a telemarketing text message or call from or on behalf of Accident LLC (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

44. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant' records, or those of their agents.

45. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

46. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to

vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

   a. Whether the Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

   b. Whether the Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

   c. Whether any telephone numbers were South Carolina telephone numbers, such as to fit in the South Carolina TPPA Class;

   d. Whether the Defendant sent telemarketing calls or text messages without providing a first and last name;

   e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

48. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

individual actions would entail. There are hundreds of Class members in each Class, such that joinder of all members is impracticable.

49. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for the Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. The Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

    d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to the Plaintiff and the National DNC Class despite their numbers being on the National Do Not Call Registry.

52. The Defendant' violations were negligent, willful, or knowing.

53. As a result of Defendant' and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National DNC Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## South Carolina Telephone Privacy Protection Act
### (Violations of S.C. Code Ann. §§ 16-17-445 et seq.)
### (On Behalf of Plaintiff and the South Carolina Do Not Call Registry Class)

55. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

56. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

57. The SCTPPA also prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number which the recipient has made a previous Do Not Call Request.

58. The SCTPPA allows for aggrieved individuals to initiate an action and recover$1,000 for *each* negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

59. As a result of the Defendant' violations of the SCTPPA, Plaintiff and members of the SCTPPA Class presumptively are entitled to an award of either $1,000 or $5,000 in damages for each and every violation made, in addition to attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

- Certification of the Classes as alleged herein;

- Appointment of Plaintiff as representative of the Classes;

- Appointment of the undersigned as counsel for the Classes;

- Attorneys' fees and costs, as permitted by law;

- An order enjoining Defendant from making telemarketing calls to numbers using an artificial or prerecorded voice, absent an emergency circumstance;

- An award to Plaintiff of damages and members of the Classes, as allowed by law; and

- Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 12th day of March, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com