**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | Case No. 1:26-cv-2049 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED**<br>**CLASS ACTION** |
| ACCIDENT LLC | |
| Defendant. | |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT
AGAINST DEFENDANT ACCIDENT LLC**

COMES NOW Plaintiff Jay Connor, by and through the undersigned counsel, pursuant to FED. R. CIV. P. 55(a), and hereby files this Motion for Clerk's Entry of Default against Defendant Accident LLC, in the above-styled action. Plaintiff respectfully requests that the Clerk of Court enter default as the Defendant has failed to serve or file an answer to Plaintiff's claims in this action within the time permitted by law or otherwise.

Federal Rule of Civil Procedure 12(a), entitled "Time to Serve a Responsive Pleading," provides in pertinent part that a responsive pleading is due "if [a defendant] has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." FED. R. CIV. P. 12(a)(1)(A)(ii). Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." FED. R. CIV. P. 55(a) (emphasis added).

Here, the Plaintiff filed his Complaint naming Defendant on March 12, 2026. (See ECF No. 1.) Defendant waived service on April 2, 2026. (See ECF No. 9.) Accordingly, Defendant's Request for Entry of Default

1

responsive pleading was due on June 1, 2026. This Court entered an order to show cause on July 6, 2026. Defendant did not file a response as of July 6, 2026. Previously, Defendant's counsel had been Patricia Brum of Snell & Wilmer, but informed Plaintiff's counsel on July 6 that it is no longer counsel of record for Defendant. No alternative counsel has appeared for Defendant, and it is well established that, as a corporation, Defendant may not represent itself *pro se*. *Cheng Kai Yu v. Klapper*, No. CV 88-3683, 1989 WL 47702, at *3 (E.D.N.Y. Apr. 28, 1989) (citing *Osborn v. Bank of United States*, 22 U.S. 738 (1824)). Accordingly, the Plaintiff requests that the Clerk enter the Defendant's default pursuant to FED. R. CIV. P. 55(a).

The Plaintiff intends to move for leave to conduct classwide discovery and seek a classwide default judgment as to Defendant.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Clerk of Court enter default against the Defendant pursuant to FED. R. CIV. P. 55(a).

RESPECTFULLY SUBMITTED AND DATED this July 6, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

Request for Entry of Default

2

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Accident LLC
527 Madison Ave Fl 7
New York, NY 10022-4388

Dated: July 6, 2026

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong,
> Bar No. 333687 (*PHV*)
> a@perronglaw.com
> Perrong Law LLC
> 1669 Edgewood Road, Suite 218
> Yardley, PA 19067
> 215-225-5529
> Lead Attorney for Plaintiff and the Proposed Class

Request for Entry of Default