**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>ACCIDENT LLC<br><br><br>Defendant. | Case No. 1:26-cv-02049-GHW-GS<br><br><br>**JURY TRIAL DEMANDED<br>CLASS ACTION** |

**PLAINTIFF'S RESPONSE TO THE COURT'S
JULY 6, 2026 ORDER TO SHOW CAUSE**

Plaintiff Jay Connor, by and through the undersigned counsel, respectfully submits this response to the Court's Order to Show Cause dated July 6, 2026 (the "Order"), which directs Plaintiff to show cause why this action should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for failure to serve Defendant Accident LLC within 90 days of the filing of the Complaint. Dismissal is not warranted. Defendant waived service of process within the time allowed and has had actual notice of this action from the outset. The only irregularity was that Plaintiff's counsel, through inadvertence, did not place Defendant's returned waiver on the docket until July 6, 2026, a clerical oversight that has now been cured. *See* ECF No. 9. Because Defendant agreed to forgo formal service and had full notice, the concern underlying Rule 4(m) is absent, and the Court should discharge the Order.

**BACKGROUND**

Plaintiff filed his Complaint on March 12, 2026. (ECF No. 1.) The 90 day period for service under Fed. R. Civ. P. 4(m) therefore ran through on or about June 10, 2026. Rather than require formal service, Plaintiff requested that Defendant waive service under Fed. R. Civ. P.

1

4(d). Defendant, through its then-counsel Patricia Brum of Snell & Wilmer, executed and returned a Waiver of the Service of Summons on April 2, 2026, twenty-one days after the Complaint was filed, and comfortably within the 90-day period.

By its terms, the waiver required Defendant to file and serve a response within 60 days of April 2, 2026, that is, by June 1, 2026. See Fed. R. Civ. P. 12(a)(1)(A)(ii); Fed. R. Civ. P. 4(d)(4) (providing that, upon the filing of a waiver, proof of service is not required, and the rules apply as if a summons and complaint had been served). Defendant's deadline came and went without any answer or motion, and Ms. Brum has subsequently informed Plaintiff that she is withdrawing as counsel. Ms. Brum never actually entered her appearance in this matter.

Through an inadvertent oversight, Plaintiff's counsel did not file Defendant's returned waiver on the docket when it was received in April 2026. Because the docket did not reflect the waiver, it appeared that Defendant had not been served, which likely prompted the Court's July 6, 2026 Order. Plaintiff's counsel filed the executed waiver on July 6, 2026 (ECF No. 9), curing the omission, and separately moved for entry of default based on Defendant's failure to respond (ECF No. 10). Defendant received actual notice of this action throughout. It received a copy of the Complaint, executed the waiver through counsel, and, through that same counsel, communicated with Plaintiff's counsel regarding this case as recently as July 6, 2026.

## ARGUMENT

### A. Dismissal is unwarranted because Defendant waived service.

Rule 4(m) directs dismissal where "a defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The Rule exists to protect defendants who are left unaware of an action or beyond the court's reach, not to protect defendants from suits that a defendant has agreed to answer. A defendant who waives service under Rule 4(d) need not be served at all. Upon the filing of a waiver, "these rules apply as if a summons and complaint had

been served." Fed. R. Civ. P. 4(d)(4). The waiver procedure exists precisely so that a cooperating defendant may spare the parties and the Court the expense and formality of personal service. *See* Fed. R. Civ. P. 4(d)(1).

Here, Defendant executed and returned its waiver on April 2, 2026, within the 90-day window, confirming that it received the Complaint, understood the action, and agreed to forgo formal service. The concern that animates Rule 4(m) is therefore wholly absent. The sole irregularity was administrative, since Plaintiff's counsel did not docket the returned waiver until July 6, 2026 (ECF No. 9). That oversight has now been corrected, and it furnishes no basis to dismiss an action that Defendant itself agreed to answer and in which Defendant is now in default. The Court should rule on the default request and order the clerk to enter default on its own terms.

Because Defendant waived service, had actual notice, and suffers no prejudice, and is itself now in default, the equities decisively favor allowing this action to proceed to an entry of default rather than dismissing it over a docketing oversight that has already been corrected. These same circumstances establish good cause under Rule 4(m), independently requiring an extension.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (i) discharge the July 6, 2026 Order to Show Cause; (ii) deem the waiver filed at ECF No. 9 a timely and effective substitute for service; and (iii) permit this action to proceed to entry of default together with such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this July 11, 2026.

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong,
>Bar No. 333687 (*PHV*)
>a@perronglaw.com
>Perrong Law LLC
>1669 Edgewood Road, Suite 218
>Yardley, PA 19067
>215-225-5529
>Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Accident LLC
527 Madison Ave Fl 7
New York, NY 10022-4388

Dated: July 11, 2026

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong,
>Bar No. 333687 (*PHV*)
>a@perronglaw.com
>Perrong Law LLC
>1669 Edgewood Road, Suite 218
>Yardley, PA 19067
>215-225-5529
>Lead Attorney for Plaintiff and the Proposed

4