**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>ACCIDENT LLC<br><br><br>     Defendant. | Case No. 1:26-cv-2049<br><br><br>   **JURY TRIAL DEMANDED<br>    CLASS ACTION** |

**<u>DECLARATION IN SUPPORT OF
REQUEST FOR CLERK'S ENTRY OF DEFAULT
AGAINST DEFENDANT ACCIDENT LLC</u>**

1. I am counsel of record for Plaintiff Jay Connor in the above-captioned action. I am an attorney licensed in Pennsylvania and Oregon and admitted to practice law in this Court *pro hac vice*. I submit this declaration pursuant to 28 U.S.C. § 1746 and Local Civil Rule 55.1 of the Southern District of New York in support of Plaintiff's Request for Clerk's Entry of Default against Defendant Accident LLC. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On March 12, 2026, Plaintiff filed his Complaint in this action. (ECF No. 1.)

3. Defendant Accident LLC, through its counsel at the time, waived service of the Summons and Complaint on April 2, 2026. (ECF No. 9.) Accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), Defendant's responsive pleading was due on or before June 1, 2026.

4. As of the date of this declaration, July 6 2026, Defendant has failed to plead, answer, or otherwise defend in this action.

Dec. Request for Entry of Default

5.    On or about July 6, 2026, Plaintiff's counsel received email correspondence from Patricia Brum of Snell & Wilber, who represented that her firm was no longer representing Defendant and to contact Defendant's in-house counsel directly. No other counsel has entered an appearance on behalf of Defendant.

7.    Defendant Accident LLC is a corporation. To the best of my knowledge, information, and belief, Defendant is not an infant or an incompetent person.

8.    To the best of my knowledge, information, and belief, Defendant is a corporation and is not in military service, and the Servicemembers Civil Relief Act, does not apply to Defendant.

9.    This Court entered an order to show cause regarding the Plaintiff's apparent failure to serve Defendant, which was owing to a clerical error, whereby Defendant's waiver was not filed.

10.    Based on the foregoing, the requirements of Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 are satisfied, and Plaintiff respectfully requests that the Clerk enter a certificate of default against Defendant Accident LLC

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**
Executed this July 6, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

Dec. Request for Entry of Default

2

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Accident LLC
527 Madison Ave Fl 7
New York, NY 10022-4388


Dated: July 6, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

Dec. Request for Entry of Default

3